UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIFFANY SMITH,

                Plaintiff,                                    **MEMORANDUM AND ORDER**
                                                                     10-CV-714 (RRM)(LB)
  - against -

NYC HEALTH AND HOSPITAL CORP.,

                Defendant.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

    *Pro Se* plaintiff Tiffany Smith brings this action against defendant New York City Health and Hospital Corporation ("HHC") alleging discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. §§ 2000e *et seq*. Before this Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion for summary judgment is GRANTED.

## BACKGROUND [1]

    At all times relevant to this action, plaintiff was employed by HHC as a special officer in the Kings County Hospital Center ("KCHC") police department. (Rule 56.1 Statement (Doc. No. 37-3) ¶ 3.) Plaintiff's duties include: "carry[ing] out law enforcement functions;" "patrol[ling] designated areas;" "respond[ing] to emergencies;" and "work[ing] extended hours

---

[1] Plaintiff did not submit a memorandum of law or any declarations in support of her opposition to defendant's summary judgment motion. Instead, plaintiff submitted, twelve days late, 162 pages of "Exhibits in further support of Plaintiff's Opposition papers to the Motion to Dismiss" and a compact disc containing short video clips of an uniformed female police officer sitting in front of an unspecified doorway that were taken on May 7, 2009 between 9:35 am and 9:49am. (Pl.'s Opp. (Doc. No. 36).) The Court accepts these untimely filed exhibits as plaintiff's opposition for purposes of defendant's motion for summary judgment. As such, the facts recited herein are taken from the Local Rule 56.1 statement submitted by defendant and the affidavits and exhibits annexed thereto, and the materials submitted by plaintiff. The facts are undisputed, except as noted.

1

and rotating shifts as needed." (*Id*. ¶ 5.) In addition to their regular scheduled tours, special officers are required to work involuntary overtime shifts when needed. (*Id*. ¶¶ 10–11.)

On November 6, 2007, while working her regular shift, plaintiff was ordered to work a mandatory overtime shift beginning at 12:30 AM on November 7, 2007. (*Id*. ¶ 5.) Although plaintiff requested two particular posts for her overtime assignment, one of which was the Comprehensive Psychiatric Emergency Room ("CPEP"), she was assigned to post 2C, the Emergency Room ambulance entrance. (*Id*. ¶¶ 5, 15.) After receiving her post assignment, plaintiff called Sergeant Dmitry Kruzhkov to complain about her assigned post and was told that she "could not work in the psychiatric emergency room, because [she] was female" and that Lt. Sheila Muldrow never assigned more than one female to the CPEP. (*Id*. ¶¶ 14–15, 32.) Notably, plaintiff alleges that this incident was the only occasion where Sgt. Kruzhkov and Lt. Muldrow discriminated against plaintiff because she was female. (Mulligan Decl. Ex. B (Doc. No. 37-5) at 57:7–21.)

Following the hospital's refusal to assign her to CPEP in 2007, plaintiff sent anonymous e-mails to KCHC's Equal Employment Opportunity Office ("EEO") as well as to other hospital executives alleging that Lt. Muldrow discriminated against female officers by not letting them "work in particular areas of the hospital because of there [sic] gender." (Mulligan Decl. Ex. L (Doc. No. 37-15) at 1.) At some point, plaintiff also called New York City's "311 hotline" and made an anonymous complaint alleging discrimination at KCHC. (Am. Compl. (Doc. No. 16) at 7 (ECF Pagination).) In January 2009, plaintiff met with a representative from EEO to file a discrimination complaint and revealed that she was the sender of the anonymous e-mails. (Mulligan Decl. Ex. B (Doc. No. 37-5) at 126:3–13.) Finally, on May 11, 2009, plaintiff filed a

complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that she had been discriminated against on the basis of her sex. (Rule 56.1 Statement ¶ 43.)

Plaintiff's harassment and retaliation allegations center on two specific incidents: (1) on May 7, 2009, Lt. Muldrow "approached [plaintiff] in a hostile, aggressive, intimidating manner brushing passed her shoulder"[2] (Mulligan Decl. Ex. B at 142:21–25); and (2) on May 31, 2009, Lt. Muldrow observed plaintiff from her car and sped off upon being noticed by plaintiff (Rule 56.1 Statement ¶ 40).[3] Aside from these specific allegations, plaintiff also makes the general allegation that Lt. Muldrow showed up at plaintiff's assigned work location and glared at her on multiple occasions. (Rule 56.1 Statement ¶ 38.)

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material facts exists "if the

---

[2] The Court notes an inconsequential discrepancy in how this incident was described. In the HHC incident report and at her deposition, plaintiff used the verb "brushing" (Mulligan Decl. Ex. B at 142:21–25; Mulligan Decl. Ex. M (Doc. No. 37-16) at 1), whereas in a New York City police report, plaintiff used the verb "bumping." (Mulligan Decl. Ex. N (Doc. No. 37-17) at 1.) This incident of minor physical contact is not in dispute and the discrepancy in how this incident is described does not affect the outcome of the case. Additionally, it is unclear why plaintiff submitted the compact disc containing video footage from May 7, 2009 of a uniformed female police officer sitting in front of an unspecified doorway. To the extent that video footage is intended as evidence of this incident, the video footage does not show any physical contact involving the uniformed female police officer.

[3] Among her exhibits in opposition to this motion, plaintiff includes a letter, dated February 10, 2009, to the director of hospital police where she complains that Sgt. Kruzhkov "is creating a very hostile work environment" for plaintiff and specifically alleges that on February 8, 2009, during an inspection, Sgt. Kruzhkov commented that plaintiff does not like him and does not want to speak to him, and failed to sign her memo book. (Pl.'s Opp. at 32 (ECF Pagination).) The Court lacks jurisdiction to consider these allegations because they occurred prior to plaintiff's filing her EEOC charge and were not included in plaintiff's EEOC charge. *See Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002) ("[J]urisdiction exists over Title VII claims only if they have been included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to that alleged in the EEOC charge." (internal quotations and citations omitted)). Moreover, this conduct hardly adds to any actionable hostile work environment claim as the incident does not appear to be related in any way to plaintiff's gender. *See id.* at 373 ("[I]t is 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex." (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

3

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the evidence of the nonmovant "is to be believed" and the court must draw all "justifiable" or reasonable inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004).

Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with specific facts showing there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted, emphasis in original). The non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48).

In discrimination cases, the merits typically turn upon an employer's intent, necessitating the exercise of abundant caution in granting summary judgment for the employer. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). Naturally, where an employer has acted with discriminatory intent, direct evidence of that intent will only rarely be available, thus "affidavits and depositions must be carefully scrutinized for circumstantial proof, which, if believed, would show discrimination." *Id.* (quoting *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d

1219, 1224 (2d Cir. 1994)). "Even in the discrimination context, however, a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." *Id.*

Finally, the Court is mindful that "special solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). Thus, a *pro se* party's papers opposing summary judgment are to be construed "liberally" and interpreted to "raise the strongest arguments that they suggest." *Pabon v. Wright,* 459 F.3d 241 (2d Cir. 2006) (citation omitted). This special solicitude does not, however, "relieve plaintiff of [her] duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records,* 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted). Nor is the "duty to liberally construe a plaintiff's [opposition] . . . equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.,* 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (citation omitted).

## DISCUSSION

Defendant argues that plaintiff's Title VII claim of sex discrimination is time-barred and that plaintiff has failed to establish claims for hostile work environment and retaliation. The Court agrees.

### I. Plaintiff's Sex Discrimination Claim Is Time-Barred

A Plaintiff must timely file an EEOC charge as a prerequisite to a Title VII claim in federal court. *See Francis v. City of N.Y.*, 235 F.3d 763, 767 (2d Cir. 2000). To be timely, a prospective plaintiff must file a charge with the EEOC "within three hundred days after the

alleged unlawful employment practice occurred . . . ."[4] 42 U.S.C. 2000e-5(e)(1), (f)(1); *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 576–77 (E.D.N.Y. 2011). Failure to file a timely charge acts as a bar to a plaintiff's ability to bring the action. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *aff'd after remand on other grounds*, 173 F.3d 843 (2d Cir. 1999). Courts strictly adhere to the 300-day filing period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 109, 114 (2002).

"Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114. The 300-day deadline starts to run when each discriminatory act occurs. *See id*. at 113 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."). However, the timely charge requirement is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393.

Here, plaintiff claims a single discriminatory act – on November 7, 2007, Lt. Muldrow and Sgt. Kruzhkov barred her from being assigned to the CPEP because of plaintiff's gender. (Mulligan Decl. Ex. B at 53:2–18; 56:10–57:25.) Because plaintiff did not file a charge with the EECO until May 11, 2009, any discriminatory acts that occurred prior to July 15, 2008, including the November 7, 2007 claim, are time-barred. (Mulligan Decl. Ex. P (Doc. No. 37-

---

[4] The relevant provisions of Title VII generally require filing of an EEOC charge within 180 days of the unlawful employment practice. But if "the practice occurs in a State that has laws prohibiting the sort of discrimination plaintiff alleges, and also provides a State agency to enforce such laws . . . [a] claimant has 300 days to file with the EEOC." *Dezaio v. Port Auth. of N.Y. & N.J.*, 205 F.3d 62, 64 (2d Cir. 2000). This is the case in New York; thus, a plaintiff has 300 days to file. *See Canales-Jacobs v. N.Y. State Office of Court Admin.*, 640 F. Supp. 2d 482, 501 (S.D.N.Y. 2009).

19.) Plaintiff has not provided any basis for the application of the equitable tolling, waiver, estoppel, or continuing violation doctrines to save her time-barred claim. At best, plaintiff's opposition merely provides documentary evidence that some tour commanders assign more than one female to the CPEP and that Lt. Muldrow consistently assigns only one female to the CPEP. (*See* Pl.'s Opp. at 39.) However, other than the November 7, 2007 incident, plaintiff does not allege any other discriminatory action against her, and "a completed act such as a discontinuance of a particular job assignment is not of a continuing nature." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 239 (2d Cir. 2007). Accordingly, plaintiff's claim of discrimination for the incident that occurred on November 7, 2007, is time-barred under 42 U.S.C. § 2000e-5(e)(1).

## II. Failure to State A Hostile Work Environment Claim

A plaintiff alleging a hostile work environment must demonstrate that, based on the totality of the circumstances, the "workplace is permeated with discriminatory intimidation, ridicule, and insult [based on, inter alia, sex] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 604 (2d Cir. 2006) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The plaintiff must establish that "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks omitted). "Isolated incidents typically do not rise to the level of a hostile work environment unless they are 'of sufficient severity' to 'alter the terms and conditions of employment as to create such an environment.'" *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006) (citing *Patterson v. County of Oneida*, 375 F.3d 206, 227 (2d Cir. 2004)). If a plaintiff relies on a series of incidents, they must be "more than episodic; they

must be sufficiently continuous and concerted in order to be deemed pervasive." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997) (internal quotation marks omitted). Finally, a plaintiff must also demonstrate that "a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

Here, plaintiff complains of several allegedly hostile acts – that Lt. Muldrow "approached [plaintiff] in a hostile, aggressive, intimidating manner brushing passed her shoulder" (Mulligan Decl. Ex. B at 142:21–25); that Lt. Muldrow observed plaintiff from her car (Rule 56.1 Statement ¶ 40); and that Lt. Muldrow "glared" at plaintiff at unspecified times while she was working (Rule 56.1 Statement ¶ 38). Even if true, the sporadic, isolated incidents described by plaintiff were not sufficiently severe or pervasive, individually or in combination, so as to create a hostile work environment. *See Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 59 (2d Cir. 2004) (finding that although a supervisor repeatedly demanded sex from an employee, threatened to fire her, made her return early from vacation, and cut her work hours, the harassment was not "sufficiently severe so as to overcome its lack of pervasiveness"); *see also Mathirampuzha, v. Potter*, 548 F.3d 70, 79 (2d Cir. 2008) (concluding that a physical assault against an employee was not, on its own, an adverse employment action because it did not bring lasting harm to the plaintiff's ability to do his job).

Moreover, "it is 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex." *Alfano*, 294 F.3d at 373 (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)). This is because Title VII is not a "general civility code" which prohibits "all verbal or physical harassment in the workplace." *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 80 (1998).

8

By plaintiff's own admissions, the incidents alleged were not done with intent to discriminate against plaintiff based on sex. Indeed, plaintiff stated in her deposition that the November 7, 2007 incident in which she was denied a shift in CPEP was the only instance where she was discriminated against based on sex. (Mulligan Decl. Ex. B at 52:5–11; 57:7–25.) And in her amended complaint, plaintiff refers to the subsequent run-ins with Lt. Muldrow as retaliation for plaintiff having filed a complaint against her. (Am. Compl. at 7 (ECF Pagination).) Thus, plaintiff herself acknowledges that Lt. Muldrow's hostility towards plaintiff stemmed from something other than plaintiff's gender. Such motivation cannot form the basis of a hostile work environment claim. *See Muhammad v. NYC Transit Authority*, 450 F. Supp. 2d 198, 204 (E.D.N.Y. 2006) (finding that hostility that stems from jealousy and resentment rather than discrimination based on membership in a protected class cannot form the basis of a hostile work environment claim).

For these reasons, plaintiff has failed to establish, and no reasonable jury could find, that the acts allegedly carried out against her formed a hostile work environment.

### III. Failure To State A Retaliation Claim

Title VII also "forbids an employer to retaliate against an employee for, inter alia, complaining of employment discrimination prohibited by Title VII." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006) (citing 42 U.S.C. § 2000e–3(a)). The intent of the antiretaliation provision is "to secure th[e] primary objective [of Title VII] by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006). "The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 67. Claims

of retaliation under Title VII are governed by the *McDonnell Douglas* burden-shifting framework. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 208 (2d Cir. 1990). In order to establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010).

Plaintiff alleges that following her complaints to EEO and EEOC, Lt. Muldrow retaliated against her on multiple occasions. (*See* Am. Compl. at 7 (ECF Pagination).) In addition to her general allegation that Lt. Muldrow "glared" at plaintiff at unspecified times while she was working (Rule 56.1 Statement ¶ 38), plaintiff makes two specific factual allegations in support of her retaliation claim: (1) on May 7, 2009, Lt. Muldrow "approached [plaintiff] in a hostile, aggressive, intimidating manner brushing passed her shoulder" (Mulligan Decl. Ex. B at 142:21–25); and (2) on May 31, 2009, Lt. Muldrow observed plaintiff from her car (Rule 56.1 Statement ¶ 40).

Even assuming that plaintiff's allegations establish the first two elements of the *prima facie* case, plaintiff has not and cannot meet the third prong of that test. In order to satisfy the third prong, the action must be "materially adverse" such that it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Hicks*, 593 F.3d at 165. In determining whether conduct amounts to a materially adverse employment action, the Court must consider the "context" and "the alleged acts of retaliation . . . both separately and in the aggregate." *Id.*

Plaintiff alleges that she was looked at on multiple occasions in a way or amount of time that she did not subjectively appreciate, and was subject to an isolated incident of minor physical

contact.  The Court finds that there is insufficient evidence for a reasonable finder of fact to conclude that these incidents would dissuade a reasonable worker from making or supporting a charge of discrimination.  *See Nugent v. St. Lukes/Roosevelt Hosp. Center*, 2007 WL 1149979, at *9 (S.D.N.Y. 2007), *aff'd*, 303 F. App'x 943 (2d Cir. 2008) ("'[N]asty looks' and 'angry silences,' without more, are not materially adverse actions.").  Instead, they are just the kind of "personality conflicts at work that generate antipathy and snubbing by supervisors and co-workers [that] are not actionable."  *Tepperwien v. Entergy Nuclear Ops., Inc.,* 663 F.3d 556, 571 (2d Cir. 2011) (quoting *Burlington Northern*, 548 U.S. at 68)).  This is true whether the incidents are considered individually or in the aggregate.  Moreover, "while the test is an objective one, it is relevant that [plaintiff] [her]self was not deterred from complaining."  *Id.* at 572.  Indeed, the shoulder brushing incident occurred prior to plaintiff's filing her EEOC charge and clearly did not dissuade her from making her charge of discrimination.  *See Vazquez v. Southside United Hous. Dev. Fund Corp.*, 06-CV-5997, 2009 WL 2596490, at *13 (E.D.N.Y. Aug. 21, 2009) (noting that plaintiff's pursuit of EEOC claim despite alleged retaliatory actions further indicated that plaintiff did not suffer materially adverse action); *McWhite v. New York City Hous. Auth.,* 05–cv–0991, 2008 WL 1699446, at *13 (E.D.N.Y. Apr. 10, 2008) (same).

## CONCLUSION

For the reasons set forth herein, defendant's motion for summary judgment is GRANTED, and all of plaintiff's claims are DISMISSED. The Clerk of the Court is directed to enter judgment accordingly, mail a copy of this Order and the accompanying judgment to plaintiff, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      June 18, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge